UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00187-LLK

WILLIAM DEWAYNE LOMAX                                                                    PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's fact and law summary is at Docket # 13, and the Commissioner's fact and law summary is at Docket # 30.[1] The matter is ripe for determination.

Plaintiff consented to the jurisdiction of Magistrate Judge Brennenstuhl to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 11). Following Magistrate Judge Brennenstuhl's recusal, the Court reassigned the matter to the undersigned Magistrate Judge for all further proceedings. (Docket # 22). Plaintiff has impliedly consented to the jurisdiction of the undersigned.[2]

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

---

[1] The filing of Defendant's fact and law summary was delayed by approximately six months while the parties awaiting the Sixth Circuit's ruling in *O'Neal v. Comm'r of Soc. Sec.*, __F. App'x __, 2020 WL 97414 (6th Cir. Jan. 7, 2020).

[2] *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) (Implied consent found to be present where parties "voluntarily appeared to try the case before the Magistrate Judge," in part, to "depriv[e] parties of the luxury of waiting for the outcome before denying the magistrate judge's authority"); *Stevo v. Frasor*, 662 F.3d 880, 884 (7th Cir. 2011) (Upon case reassignment to a second magistrate judge, plaintiff's express consent to authority of first magistrate judge deemed implied consent to authority of second magistrate judge where plaintiff proceeded without objection); *Wilhelm v. Rotman*, 680 F.3d 1113, 1119-20 (9th Cir. 2012) (same).

**Discussion**

Plaintiff presents five arguments. First, he argues that a reversible error occurred when the ALJ identified his birthday as December 10, 1968. (Docket # 13-1 at 2 referencing Administrative Record (AR) at 28.) Plaintiff was born on December 10, 1967. (*Id.*) The ALJ found that Plaintiff retains the ability to perform a significant number of light jobs in the national economy "through the date of this decision," January 4, 2018. (AR at 29.) The ALJ cited Rule 202.18 of Appendix 2 of the regulations (the so-called medical-vocational guidelines, or grid rules) as a framework for decisionmaking. (AR at 28.) Rule 202.18 contemplates, among other things, a younger individual age 18-49 and directs an ultimate finding of "not disabled." In fact, Plaintiff was closely approaching advanced age 50-54 on January 4, 2018. The ALJ's error regarding Plaintiff's birthday was harmless because Rule 202.11 contemplates an individual closely approaching advanced age and, like Rule 202.18, it directs an ultimate finding of "not disabled."

Second, Plaintiff argues that he is disabled because his chronic obstructive pulmonary disease (COPD) satisfies (meets or equals) the clinical criteria of the impairment at Listing 3.02 of Appendix 1 of the regulations (the so-called listing of medical impairments). (Docket # 13-1 at 3.) Listing 3.02 requires that the results of the individual's spirometry tests meet the criteria set out in a Table in § 3.02(A). The Listing requirement for the one-second forced expiratory volume (FEV1) is related to the individual's height without shoes. Appendix § 3.02(A). Plaintiff's height is 73 inches (AR at 743) so, per the Table, his FEV1 must be equal to or less than 1.90 liters to qualify for disability. Appendix § 3.02(A), Table 1. The only FEV1 in the administrative record indicates that, on March 18, 2015 (Plaintiff's amended alleged onset of disability date), his pre-bronchodilator FEV1 was 1.86 liters, and his post-bronchodilator FEV1 was 2.44 liters. (AR at 743.) "We use your highest FEV1 value to evaluate your respiratory disorder under 3.02(A)." Appendix § 3.00(E)(1). Plaintiff's COPD does not satisfy the Listing because 2.44 liters is greater than 1.90 liters.

2

Third, Plaintiff argues that he is disabled because his affective disorder satisfies Listings 12.04, 12.06 and/or 12.08 based on the October 11, 2011 opinion of licensed psychological practitioner Marcy Walpert, M.A.  (Docket # 13-1 at 4.)  Ms. Walpert examined Plaintiff and opined that "[a]t this time it is not likely that [Plaintiff] can tolerate the demands of a day-to-day work setting given his current level of symptomatology."  (AR at 465.)  On June 8, 2015, Ms. Walpert examined Plaintiff again and opined significantly fewer problems:

> The claimant was capable of understanding the tasks and instructions given during the exam.  The claimant was capable of remaining focused and staying on task during the examination.  He was certainly capable of performing simple and repetitive tasks.  The claimant's diagnosis of depression and anxiety symptoms seems to be only mildly to moderately impairing his daily living tasks and social activities.

(AR at 751.)  The ALJ gave greater weight to Ms. Walpert's June 2015 opinion and discounted her October 2011 opinion because it was "too remote in time to be relevant to the current period of adjudication" (AR at 27), i.e., March 18, 2015 (Plaintiff's amended alleged onset date) through January 4, 2018 (the ALJ's decision date).  Additionally, the ALJ preferred the 2015 opinion because, in 2011, Plaintiff was not taking any "mental health medication" or seeing a "psychiatrist or therapist."  (AR at 21.)  Therefore, the ALJ was not required to rely on Ms. Walpert's October 2011 opinion and find that Plaintiff's mental impairments satisfy the Listings.[3]

Fourth, Plaintiff argues that ALJ erred in discounting the June 22, 2017 opinion of his treating physician, Khanh Nguyen, D.O. (doctor of osteopathic medicine), that he is "permanently and totally disabled and will never be gainfully employed."  (AR at 2062.)  (Docket # 13-1 at 7.)  The ALJ discounted Dr. Nguyen's opinion because Dr. Nguyen simply placed a check-mark in a box, he did not provide a

---

[3] Additionally, even if the ALJ **was** required to rely on Ms. Walpert's October 2011 opinion that Plaintiff cannot "tolerate the demands of a day-to-day work setting given his current level of symptomatology" (AR at 465), that opinion does not satisfy the so-called "B criteria" of the Listings.  To satisfy the B criteria, the mental impairments must result in either "extreme" limitation in at least one or "marked" limitation in at least two of the following four areas of mental functioning:  (1) difficulties in understanding, remembering, or applying information; (2) difficulties in interacting with others; (3) difficulties in maintaining concentration, persistence, or pace; or (4) difficulties in adapting or managing oneself.  (AR at 18.)

function-by-function assessment of Plaintiff's limitations, and he did not identify supporting medical findings. (AR at 27.) In fact, according to the ALJ, Dr. Nguyen's opinion was not a genuine medical opinion (at all) but rather a vocational-legal conclusion of disability, which is reserved to the Commissioner. (*Id.*) The ALJ identified valid reasons for discounting Dr. Nguyen's disabling opinion.

Fifth, Plaintiff argues the ALJ erred in relying on the vocational expert's (VE's) testimony that the jobs of bottling line inspector, agricultural produce sorter, and dowel inspector (which the ALJ found Plaintiff can perform) exist in significant numbers in the national economy. (Docket # 13-1 at 8.) Plaintiff points out the last Dictionary of Occupational Titles (DOT) update on these jobs was in 1981 and that the Occupational Information Network (O*NET) provides more up-to-date information, which is at odds with certain information in the DOT. (*Id.* at 9.) After Plaintiff made this argument, the Sixth Circuit held that claimants forfeit such arguments when they first raise them on judicial review (rather than presenting them to the administration in a timely manner by way of cross-examination of the VE). "Because the DOT continues to be recognized as a source of reliable job information and [Plaintiff] did not cross-examine the [VE] when he had the opportunity, the [VE's] testimony constitutes substantial evidence to support the ALJ's finding that [Plaintiff] was able to perform work that existed in significant numbers in the national economy." *O'Neal v. Comm'r of Soc. Sec.*, No. 18-2372, 2020 WL 97414, at *4 (6th Cir. Jan. 7, 2020).

### Order

Because Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, it is hereby ORDERED that the Commissioner's final decision is AFFIRMED, and Plaintiff's complaint is DISMISSED.

February 6, 2020

Lanny King, Magistrate Judge
United States District Court

4